UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE VASQUEZ,

                              Petitioner,

                v.                                        9:05-CV-799
                                                                   (FJS/RFT)

T. R. CRAIG, Warden, FCI Ray Brook,

                              Respondent.
_____

APPEARANCES

**GEORGE VASQUEZ**
**31530-054**
FCI Ray Brook
P.O. Box 900
Ray Brook, New York 12977
Petitioner *pro se*

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      Currently before the Court is Petitioner George Vasquez's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2241.[1] *See* Dkt. No. 1.

      Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New York, brings this action to challenge his sentence to a term of 262 months' imprisonment that the United States District Court for the Southern District of New York imposed upon him on December 30, 1993. *See id.* at 2. The United States Court of Appeals for the Second Circuit affirmed Petitioner's conviction and sentence on January 27, 1995. *See id.* at 5. According to

---

[1] Petitioner has paid the filing fee required to commence this action.

Petitioner, he filed a motion, pursuant to 28 U.S.C. § 2255, in the sentencing court, which that court denied on October 15, 1996. *See id.* In September 2000, Petitioner filed an application for leave to file a second or successive § 2255 motion which the Second Circuit denied. *See id.* at 6.

In support of his current petition, Petitioner asserts that the court sentenced him based upon facts which he did not admit and the jury did not find, but rather the sentencing court determined. *See id.* at 3. Therefore, relying upon the United States Supreme Court's recent decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), Petitioner contends that these sentencing determinations violated his Sixth Amendment right to a jury trial[2] and that he is entitled to resentencing.[3]

## II. DISCUSSION

**A.    Section 2255 and Section 2241**

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997)). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. In pertinent part, this statute provides that

---

[2] In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." *Booker*, ___ U.S. at ___, 125 S. Ct. at 746.

[3] The Court notes that Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

>> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 "is the proper means to challenge the *execution* of a sentence." *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted). A federal prisoner, however, generally may not seek relief from his conviction or sentence pursuant to a § 2241 petition.

**B.    Section 2255's savings clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361, 373-80 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and

cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).[4]  In other words, in this circuit, § 2255's savings clause limits habeas relief under § 2241 to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Id.* at 377.  Such a situation would arise, for example, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence, which he can prove based upon the existing record and which he could not have asserted earlier.  *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (quotation omitted); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).[5]

---

[4] Moreover, on the numerous occasions when the Second Circuit has addressed this issue, it has concluded that § 2255's remedy is not inadequate or ineffective in most situations.  *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).  Likewise, in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000), the Eighth Circuit held that § 2255's remedy is not inadequate or ineffective "simply because [the] petitioner has allowed [that statute's] one year statute of limitations . . . to expire." *Id.* at 1077 (citation omitted).

[5] In *Cephas*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few' . . . ." *Cephas*, 328 F.3d at 104 (quoting [*Triestman*, 124 F.3d] at 378).  The *Cephas* court further noted that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.* (quoting [*Triestman*, 124 F.3d] at 363) (footnote omitted).

**C.    Petitioner's claims**

As noted, to support his petition, Petitioner argues that the fact that the sentencing court enhanced his sentence based upon facts which he did not admit and a jury did not find "'beyond a reasonable doubt'" violated his Sixth Amendment right to a jury trial as well as the Supreme Court's decision in *Booker*. This assertion clearly challenges the imposition of his sentence and not its execution. Therefore, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

In his petition, Petitioner acknowledges that he previously filed a § 2255 motion in the United States District Court for the Southern District of New York, which that court denied. *See* Dkt. No. 1 at 6. Thus, pursuant to § 2255, he may not file a second or successive motion unless he first receives the Second Circuit's permission to do so. *See* 28 U.S.C. § 2255. Petitioner states that he unsuccessfully sought leave to file a second § 2255 motion in 2000 and asserts that the Second Circuit will not grant him permission to file a second such motion because the Supreme Court has not explicitly made *Booker* retroactive to cases on collateral review. *See* Dkt. No. 1 at 7 n.2; *see also Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (*Booker* does not apply retroactively to cases that have reached final resolution).[6]

In light of his recognition that it is unlikely that a second or successive § 2255 motion is available to address his Sixth Amendment claim, Petitioner seeks to invoke § 2255's savings

---

[6] Likewise, several other circuit courts of appeals that have addressed this issue have concluded that *Booker* does not apply retroactively to cases on collateral review. *See, e.g., Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (citations omitted); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005) (citation omitted); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

clause as the jurisdictional basis for his current § 2241 petition.  However, there is nothing in Petitioner's application to establish that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention.  Moreover, although it appears that § 2255's remedy is unavailable to Petitioner, that alone does not establish that this remedy is inadequate or ineffective.  Furthermore, the Court concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a "serious constitutional question."  *Love*, 333 F.3d at 73.[7]  Accordingly, the Court concludes that § 2255's savings clause does not apply to this case, and, therefore, this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[8]

Finally, the Court notes that in *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court

---

[7] The Court finds support for this conclusion in the Second Circuit's decision in *Love*, in which that court concluded that foreclosing an *Apprendi* challenge under § 2255's savings clause did not raise a serious constitutional question.  Quoting the Eighth Circuit, the *Love* court stated that

> "[w]e believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source.  [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion."

*Love*, 333 F.3d at 74 (quoting *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.), *cert. denied*, 537 U.S. 869, 123 S. Ct. 275, 154 L. Ed. 2d 117 (2002)) (footnote omitted).

Likewise, in this case, because the Supreme Court did not hold that *Booker* was retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his Sixth Amendment *Booker* claim; rather, it is the unavailability of the *Booker* claim itself.

[8] Alternatively, the Court notes that, even if it were to construe Petitioner's application as a second or successive § 2255 motion, it would lack jurisdiction over such a petition.  *See* 28 U.S.C. § 2255.

considered the question of whether new rules of constitutional law apply retroactively to second or successive petitions and concluded that "a new rule is not 'made retroactive to cases on collateral review' **unless the Supreme Court holds it to be retroactive**." *Id.* at 663 (emphasis added) (footnote omitted).  Thus, until the Supreme Court holds that *Booker* applies retroactively to cases on collateral review, Petitioner cannot raise a *Booker* challenge as a basis for a second or successive § 2255 motion or as a basis for a § 2241 petition.  Accordingly, the Court dismisses Petitioner's petition without prejudice.[9]

### III. CONCLUSION

Accordingly, after considering Petitioner's petition and the applicable law, the Court hereby

**ORDERS** that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner.

**IT IS SO ORDERED.**

Dated: July 22, 2005
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Chief United States District Court Judge

---

[9] The Court notes that, if the Supreme Court subsequently holds that *Booker* applies retroactively to cases on collateral review, Petitioner may move for the appropriate relief at that time.